FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0058

DA 16-0058

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 223N

ERIC ANDERSEN, PERSONAL REPRESENTATIVE
OF THE ESTATE OF VIGGO O. ANDERSEN,

　　　　　Plaintiff and Appellee,

　　v.

TIM SACK,

　　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Eighth Judicial District,
　　　　　　　　　In and For the County of Cascade, Cause No. CDV-15-1030
　　　　　　　　　Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　Tim Sack (Self-Represented), Great Falls, Montana

　　　　　For Appellee:

　　　　　　　Dirk Larsen, Larsen Law Firm, PLLC, Great Falls, Montana

　　　　　　　　　　　　Submitted on Briefs:　July 13, 2016

　　　　　　　　　　　　　　　Decided:　September 6, 2016

Filed:

_____
　　　　　　　　Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Tim Sack appeals from the order and judgment entered by the Eighth Judicial District Court, Cascade County, confirming an arbitration award in favor of Erik Andersen, personal representative of the Estate of Viggo O. Andersen. We affirm.

¶3      In July 2012, Tim Sack entered into a one-year lease with Viggo Andersen to rent the premises located at 2109 Vaughn Road in Great Falls, Montana. The lease provided that Sack could use the property as a dwelling and for personal property storage in exchange for monthly payments of $400.00. The lease contained an automatic renewal term of one year. In the event of default by the tenant, the lease agreement provided for the recovery of reasonable attorney's fees and expenses. The lease agreement also provided that any controversy or claim arising between the parties would be subject to and resolved by binding arbitration, and that any judgment granted by the arbitrator could be enforced in any court of proper jurisdiction.

¶4      Sack subsequently failed to pay rent for part of February 2014, and for the months of March through September 2014. Past due rent totaled $2,900.00 when Andersen sent Sack a three-day notice to vacate or pay rent. Andersen filed suit in Justice Court to evict

2

Sack and to recover past due rent and attorney's fees. Andersen vacated the property before trial and, in February 2015, the Justice Court issued its judgment and found the lease agreement unenforceable under the Montana Residential Landlord and Tenant Act. Andersen appealed and, in April 2015, the District Court found that the Justice Court erred in its conclusion of law regarding the validity of the lease. The District Court also found that the Justice Court failed to properly interpret the arbitration clause in the lease agreement and ordered the court to send the case to binding arbitration.

¶5 In May 2015, on remand from the District Court, the Justice Court ordered the parties to settle the case by means of binding arbitration. In pre-arbitration rulings not pertinent to this case, Andersen filed, and the Justice Court denied, a motion to relieve the parties from the arbitration order. In July 2015, the District Court affirmed the Justice Court's decision and the parties entered into arbitration proceedings. On November 25, 2015, the arbitrator awarded Andersen $2,900.00 in past due rent, $4,125.00 in attorney's fees, and $215.00 in arbitration costs.

¶6 On December 9, 2015, Andersen filed a motion with the District Court to confirm the arbitrator's decision and award. On December 16, 2015, Sack filed an answer disputing the arbitrator's decision based on the lack of a signed lease agreement and generally disputing the amount of attorney's fees. On December 30, 2015, the District Court issued its order and judgment confirming the arbitration award.

¶7 Sections 27-5-311, -312 and -313, MCA, limit judicial review of arbitration awards. A district court may not review the merits of a controversy surrounding an arbitration award, "but may only confirm, vacate, modify, or correct" the award. *Terra*

3

*W. Townhomes, L.L.C. v. Stu Henkel Realty*, 2000 MT 43, ¶ 22, 294 Mont. 344, 996 P.2d 866; *see* §§ 27-5-311 to -313, MCA. We review a court's decision to confirm an arbitration award for abuse of discretion. *Terra W. Townhomes*, ¶ 22.

¶8    Here, Sack's main argument in seeking to avoid the arbitrator's award of past due rent rests on substantive law and includes challenges based on contract formation and landlord-tenant law. However, under the aforementioned statutes, the District Court did not err in refusing to address these issues and thus properly limited its scope of review. Sack also contends that the amount of attorney's fees awarded to Andersen was excessive. The arbitrator relied upon sworn affidavits by Andersen's attorney documenting the legal services, hourly rate, and time spent on this matter. Both the arbitrator and District Court found these fees to be reasonable. Thus, we cannot conclude that the District Court abused its discretion in confirming the arbitration award.

¶9    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶10    Affirmed.


/S/ MICHAEL E WHEAT

4

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE